Judge Underwood
delivered the opinion of the court.
This was an action of trover and conversion, for a slave. The plaintiffs in error, who were plaintiffs below, gave evidence of their title, which having been concluded, the court instructed the jury to find as in case of a nonsuit, and the jury found accordingly. The plaintiffs set out the evidence and excepted. After the court gave the instruction, arid the bill of exceptions were prepared, the plaintiffs asked permission of the court, to put one question to a witness, who had been examined; and that was, whether Fightmaster had not been married after demand made of the defendant, and his refusal to give up the slave. The court would not permit the question to be asked, and to that refusal an exception is filed. The instruction given, and the refusal to admit the proof, are the points assigned for error.
Without setting forth the evidence minutely, it is sufficient to say that the length of possession, and the manner in which it was held, as proved, were prima facie, evidence of the right of the plaintiffs to the slave in controversy; notwithstanding, the slave may not have passed to them, under the devise in their favor, contained in the will of their grandfather, William Rouzee. In what right the defendant claimed, did not appear; as a mere wrong doer, we are of opinion his claim could not be supported against that shown by the plaintiffs; and, therefore, the court erred in giving the instruction to find as in case of a nonsuit, unless it was given for some other cause, than want of evidence, to support the declaration. It is supposed by counsel, that the circuit court may have acted upon the ground, that there was no proof of the time, when the marriage between Fightmaster and Harriet Wooldridge, took place; and that it did not appear, for want of such proof, that they were properly made joint plaintiffs, with others. We think the inference is very strong, that the marriage took place after the defendant refused to give up or return the slave, at which time (he evidence of conversion is complete. If the trover of *607 the wife’s property takes place before marriage, and conversion during it, husband and wife may unite in the action; much more may they do so, if the cause of action is complete, before marriage. “But the cause of action has its inception, as well as completion, after the marriage, the husband alone must sue, the legal interest in personalty, being vested, by the marriage, in him.” 1 Chitty, 62.
Monroe, for plaintiff; Crittenden, for defendant.
But if there were doubts on this point, owing to the unsatisfactory nature of the evidence, we think the court should have permitted the question to be asked and answered, as to the time of Fightmaster’s marriage. We do not believe that a sound discretion consists in making rules of practice so rigid, as to defeat instead of promoting the ends of justice. That a court of justice should nonsuit a party for a mere oversight in failing to ask a question, looks too much like tolerating trick and cunning, to meet our approbation, and is inconsistent with that dignity and liberality, and that constant pursuit of justice which ought to characterize the proceedings of our judicial tribunals. We would not, however, for this cause alone, reverse the judgment. The case must be an extreme one, to induce us to reverse because of a rigid practice in the circuit courts.
Judgment reversed and new trial awarded. The plaintiffs must recover their costs.